UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

YU MEI CHEN and XIU QING YOU aka XIAN
CHIN YU

        Plaintiffs,

      -against-

KIRSTJEN NIELSEN, L. FRANCIS CISSNA,
CHRISTOPHER A. WRAY, THOMAS CIOPPA,
THOMAS DECKER, and OFFICER SYED

        Defendants.

--------------------------------------X

**MEMORANDUM AND ORDER**

18-CV-1643 (KAM)

**MATSUMOTO, United States District Judge:**

On April 3, 2018, plaintiffs Yu Mei Chen ("Ms. Chen")

and Xiu Qing You ("Mr. You"), also known as Xian Chin Yu, filed

a complaint for a writ of mandamus against Kirstjen Nielsen, L.

Francis Cissna, and Christopher Way, seeking to compel the

United States Citizen and Immigration Services ("USCIS") to rule

on Ms. Chen's pending I-130 petition and Mr. You's pending I-485

application.  (ECF No. 1, Complaint.)  The government requested

an extension to respond to the complaint on May 7, 2018, noting

that USCIS expected to adjudicate the application and petition.

(ECF No. 5, Defs. May 7, 2018 Letter.)  After the plaintiffs

received a response from the government and Mr. You was detained

by United States Immigrations & Customs Enforcement ("ICE"), the

plaintiffs filed an amended complaint, which named additional

defendants and challenged USCIS's ruling on the I-485
application, among other things.  (ECF No. 7, Amended
Complaint.)  The defendants served their motion to dismiss the
action on July 30, 2018.  (*See* ECF No. 15, Notice of Motion.)
For the reasons stated below, the court grants the government's
motion to dismiss.

## BACKGROUND

Plaintiff Xiu Qing You ("Mr. You") is a Chinese
citizen who came to the United States in January 2000 without a
valid entry document.  (ECF No. 1, Complaint ¶ 2.1.)  Mr. You
indicated that he was afraid of returning to China.  (ECF No. 6-
1, USCIS I-485 Decision at 1.)  He was subsequently placed into
removal proceedings in March 2000 and filed an application for
asylum.  (*Id.* at 2.)  An immigration judge denied Mr. You's
application in December 2000 and ordered him removable to China.
(*Id.*)  Mr. You appealed that decision to the Board of
Immigration Appeals ("BIA") the same month, and the BIA
dismissed his appeal in November 2002.  (*Id.*)  Mr. You did not
comply with the order of removal.  (*Id.*)  In May 2008, Mr. You
moved to have his case reopened, but the BIA dismissed the
motion in September 2008.  (*Id.*)

In October 2013, Mr. You married plaintiff Yu Mei Chen
("Ms. Chen"), who was a U.S. permanent resident at the time.
(ECF No. 1, Complaint ¶¶ 2.2, 5.2.)  On December 4, 2013, Ms.

Chen filed an I-130 Petition for Alien Relative on Mr. You's behalf. (*Id.* ¶ 2.2)  Ms. Chen became a U.S. citizen in January 2015.  (*Id.*)  Mr. You filed an I-485 Application to Register Permanent Residence or Adjust Status on March 11, 2015, with a request to upgrade the I-130 petition. (*Id.* ¶¶ 2.2, 5.5.)

Mr. You was fingerprinted for his I-485 application on April 9, 2015.  (*Id.* ¶ 5.6.)  USCIS scheduled an adjustment of status interview for Mr. You to take place on December 21, 2015 at the New York City field office. (*Id.* ¶ 4.7.)  The agency informed Mr. You on December 9, 2015 that his interview would be canceled due to unforeseen circumstances, and that he would receive further updates, including an announcement of a rescheduled announcement, under separate notice. (*Id.* ¶ 5.8.) Because he did not receive further information from USCIS, Mr. You contacted USCIS about the pending I-130 petition and I-485 application on July 6, 2017, but he did not receive a response. (*Id.* ¶ 5.9.)

On April 3, 2018, the plaintiffs filed a complaint seeking a writ of mandamus. (ECF No. 1, Complaint.)  The suit was brought against Kirstjen Nielsen, the Secretary of the U.S. Department of Homeland Security ("DHS"); L. Francis Cissna, the Director of USCIS, a department within DHS; and Christopher Wray, the director of the Federal Bureau of Investigation. (*Id.* ¶¶ 2.3-2.5.)  The action sought to compel action on the I-130

Petition for Alien Relative and the I-485 Application to Register Permanent Residence or Adjust Status. (*Id.* ¶ 1.1.) The plaintiffs noted that the petition had been pending for over four years and the application for approximately three years at the time of filing. (*Id.* ¶ 5.11.) According to the USCIS website approximately a week before the plaintiffs filed their complaint, the processing time for I-485 applications filed before and up to September 8, 2016 was about 19 months. (*Id.* ¶ 5.10.) The plaintiffs generally argued that the defendants' failure to adjudicate the filings for such long periods of time violated the defendants' duties under the Immigration & Nationality Act and the Administrative Procedures Act. (*Id.* § VII.)

The defendants requested an extension of time to respond to the complaint because USCIS was in the process of adjudicating the I-130 petition and I-485 application. (ECF No. 5, Defs. May 7, 2018 Letter.) USCIS had scheduled an interview for May 23, 2018, and the defendants requested until July 23, 2018 to respond, which would give USCIS sufficient time to adjudicate the petition and application. (*Id.*)

The plaintiffs attended an interview with USCIS on May 23, 2018. (ECF No. 6, Defs. June 7, 2018 Letter at 1; ECF No. 7, Amended Complaint ¶ 5.13.) After the interview, two ICE Officers detained Mr. You, due to his outstanding removal order.

4

(ECF No. 6, Defs. June 7, 2018 Letter at 1; ECF No. 7, Amended Complaint ¶ 5.14.)  That same day, USCIS granted the I-130 relative petition and denied the I-485 adjustment application. (ECF No. 6, Defs. June 7, 2018 Letter at 1.)  The defendants subsequently sought the plaintiffs' agreement to stipulate to dismiss the mandamus action after the application and petition were adjudicated, but the plaintiffs refused.  (ECF No. 6, Defs. June 7, 2018 Letter at 3.)  The defendants requested a pre-motion conference with the court, announcing their intention to move for dismissal for lack of subject matter jurisdiction because they believed the agency's action on the application and petition mooted the issue.  (*Id.* at 1-2.)  The defendants further argued that the court lacked jurisdiction to review plaintiffs' contention that USCIS had relied on improper considerations in denying the I-485 application, and that USCIS had considered appropriate factors in its ruling.  (*Id.* at 3, n.1.)  The defendants attached the approved I-130 petition and decision denying the I-485 application to their pre-motion conference letter.  (*See* ECF No. 6-1, USCIS I-485 Decision; ECF No. 6-2, Approved I-130 Petition.)

        The I-485 Application Decision USCIS released stated that Mr. You's application was denied "[a]fter a thorough review of [Mr. You's] application and supporting documents, and [his] testimony during [his] interview . . . ."  (ECF. No 6-1 at 1,

5

USCIS I-485 Decision.)  The decision contains a history of Mr.
You's presence in the United States and interaction with the
immigration system.  (*Id.* at 1-2.)  It explains that the
"granting of adjustment of status to that of a lawful permanent
resident is a discretionary benefit" and that "[m]ere
eligibility is not the only factor considered in adjustment of
status."  (*Id.* at 2.)  USCIS "determined that [Mr. You was]
eligible for adjustment of status," but that "significant
adverse factors [showed] that discretion should not be exercised
in [Mr. You's] favor."  (*Id.*)  These adverse factors included
that Mr. You entered the U.S. without documentation, was found
to have an asylum claim that was not credible, disregarded a
removal order from the Board of Immigration Appeals, and was
continuously employed without authorization while in the United
States.  (*Id.*)  The factors in Mr. You's favors were Mr. You's
immediate family (Ms. Chen and their two minor children),
evidence of paying taxes, and part-time employment.  (*Id.*)
"After careful review of all the facts, USCIS . . . determined
that the favorable factors . . . [did] not warrant a favorable
exercise of discretion in light of the adverse factors."  (*Id.*)
The decision also highlighted that the "positive equities were
accrued after [Mr. You] violated the court's order and while
[Mr. You] knew [he was] under an order of removal and faced
deportation from the United States."  (*Id.*)  The decision

advised that Mr. You could not appeal the decision, but that he
could file a motion to reopen or reconsider if he believed the
denial was in error.  (*Id.* at 3.)

        After the defendants announced their intent to file a
motion to dismiss, the plaintiffs filed an amended complaint on
June 11, 2018.  (*See* ECF No. 7, Amended Complaint.)  The amended
complaint added as defendants: Thomas Cioppa, Director of
USCIS's New York District Office; Thomas Decker, ICE New York
Field Office Director for Detention and Removal; and "Officer
Syed," the ICE Officer in charge of Mr. You's case.  (*Id.* ¶¶
2.6-2.8.)  In addition to retaining the original request to have
the I-130 and I-485 filings adjudicated, the amended complaint
sought to compel the defendants to adjudicate Mr. You's Motion
to Reopen and asked the court to stay Mr. You's removal pending
adjudication of his motion to reopen and/or other appeals.  (*Id.*
¶¶ 1.1-1.3; 8.1)  The complaint states that USCIS "approved Ms.
Chen's I-130 Petition but denied Mr. You's I-485 as a matter of
discretion . . . ."  (*Id.* ¶ 5.16.)  It also states that Mr. You
filed a motion to reopen/reconsider, which alleges that the I-
485 decision was "legally erroneous because Section 245 of the
INA explicitly permits [the] spouse of [a] U.S. citizen to
adjust despite having engaged in unauthorized employment and
unauthorized stay in the U.S."  (*Id.* ¶ 5.17.)  The plaintiffs'
motion to reopen also alleged that USCIS abused its discretion

because it "[paid] lip service to [Mr.] You's long stay in the U.S. and family tie[s]." (*Id.* ¶ 5.18.) Plaintiffs claim that the decision "did not give any positive weight" to the following factors: Mr. You's two young children, the plaintiffs' ownership of a nail salon, Ms. Chen's grant of asylum, Mr. You's history of employment and tax payment, and Mr. You's lack of criminal history. (*Id.*) The plaintiffs also noted that they were not asked to submit evidence of any other positive discretionary factors, such as community ties. (*Id.*)

The complaint also explains that Mr. You was detained by ICE in a facility in Bergen County, New Jersey. (*Id.* ¶ 5.15.) The complaint alleges that Mr. You was unable to sign the motion to reopen/reconsider due to his detention, despite multiple attempts to get the motion to him. (*Id.* ¶¶ 5.19-5.23.) Plaintiffs alleged that USCIS rejected the first motion because it lacked Mr. You's signature and that their inability to obtain his signature could affect his ability to pursue available administrative options. (*Id.* ¶ 7.7.) In addition to the relief described above, the plaintiffs requested that the court require ICE to release Mr. You from custody. (*Id.* ¶ 8.1.)

After the filing of the amended complaint, the defendants renewed their request for a pre-motion conference on June 12, 2018, noting their continued intention to move to dismiss for lack of subject matter jurisdiction. (ECF No. 8,

Defs. June 12, 2018 Letter.)  The defendants again argued that
USCIS's decisions on the I-130 petition and I-485 application
mooted the mandamus claim, regardless of plaintiff's
dissatisfaction with the I-485 application decision or attempts
and plan to administratively overturn it.  (*Id.* at 2.)  They
also maintained that the court lacked jurisdiction to consider
the plaintiffs' challenge of the factors USCIS relied on to
render a decision and the plaintiffs' challenge of the denial
overall, because the latter would be an indirect challenge to a
removal order.  (*Id.* at 3.)  Finally, the defendants claimed
that the court lacked jurisdiction to stay the removal order.
(*Id.*)

On June 21, 2018, the court scheduled the pre-motion
conference for June 28, 2018 and ordered the plaintiffs to
respond to the defendants' request for the conference by June
26, 2018.  (ECF Entry dated June 21, 2018.)  A few days later,
the defendants informed the court that plaintiffs had filed a
habeas petition in the Southern District of New York on June 14,
seeking a stay of the order of removal.  (ECF No. 9, Defs. June
25, 2018 Letter at 2.)  Judge Torres granted a stay of the
removal order and ordered Mr. You's release from detention
pending the resolution of the habeas petition.  (*Id.*)
Defendants argued that the stay of the order of removal from the

Southern District mooted the request for a stay in this case. (*Id.*)

Plaintiffs, with new representation from the Legal Aid Society, told the court that its position was that their petition for a writ of mandamus was not moot, because the defendants "did not exercise any discretion in adjudicating Plaintiffs adjustment application." (ECF No. 13, Pls. June 26, 2018 Letter.) They claimed that "USCIS conflated eligibility and discretion with respect to Plaintiffs' I-485 Adjustment Application." (*Id.*) They alleged that although Mr. You was called in for an I-485 interview, no interview actually occurred. (*Id.*) Additionally, the factors USCIS considered "adverse to Mr. You's adjustment are all expressly contemplated adjustment process Plaintiffs sought to avail themselves to— unlawful entry, unlawful presence, final order of removal." (*Id.*) Plaintiffs' noted that Mr. You's long-time employment in the U.S. was considered an adverse discretionary factor, despite its citation as a favorable factor in other courts. (*Id.* (citing *Mahmood v. Nielsen*, 12 F. Supp. 3d 417, 422 (S.D.N.Y. 2018)) Plaintiffs argued that the defendants conflated eligibility and discretion, which amounted to a failure to exercise discretion and raised reviewable issues before the court. (*Id.*)

The defendants served their motion to dismiss on July 30, 2018. (ECF No. 16, Defs. August 22, 2018 Letter.) The defendants informed the court on August 22, 2018 that they had not received the plaintiffs' opposition to their motion, which was due on August 20, 2018. (*Id.*) The defendants requested that the court deem the motion unopposed and grant the motion in its entirety. (*Id.*) The court subsequently ordered the plaintiffs to respond to the government's letter by August 24, 2018. (ECF Entry dated August 23, 2018.) On August 28, 2018, the plaintiffs acknowledged that they did not oppose the government's motion to dismiss in the time allotted by the court and conceded that the government's motion should be deemed unopposed. (ECF No. 17, Pls. August 28, 2018 Letter). The court deemed the government's motion to dismiss unopposed and fully submitted. (ECF Entry dated September 4, 2018.)

**LEGAL STANDARD**

**I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The court "may refer to evidence outside the pleadings" when resolving a Rule 12(b)(1) motion. *Id.* A plaintiff bears the burden of proving

by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

## II. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the favor of plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted).

In ruling on a motion to dismiss, a court may consider any instrument attached to the complaint as an exhibit. *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014). A court need not accept the allegations in a complaint as true if they are "contradicted by . . . documentary evidence . . . from the

exhibits attached" to the complaint. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). "Agency determinations and administrative findings are public records of which a court may properly take judicial notice." *Akran v. U.S.*, 997 F. Supp. 2d 197, 203 (E.D.N.Y. 2014) (quoting *Lia v. Saporito*, 909 F. Supp. 2d 149, 161 (E.D.N.Y. 2012)). And "[c]ourt records in a pending, related immigration proceeding are no exception." *Id.*

**DISCUSSION**

**I. Action on Mr. You's I-485 Application**

"When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction." *Mahon v. Johnson*, 321 F. Supp. 3d 320, 323 (E.D.N.Y. 2018) (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)). The plaintiffs brought this action to compel the USCIS to adjudicate Mr. You's I-485 application. USCIS subsequently issued a Decision letter on May 23, 2018, which denied the application, provided the agency's reasons for its decision, and attached the applicable laws and regulations regarding adjustment of status and moving to reopen or reconsider USCIS's denial. (ECF No. 6-1, USCIS I-485 Decision.) The USCIS has adjudicated the application and it is not considered unadjudicated merely because USCIS denied the

application.  *See Ji Hye Song v. Sessions*, No. 17-CV-1682 (NGG),
2018 WL 5084823, at *2 (E.D.N.Y. Oct. 18, 2018) ("While
Plaintiff may not have received the outcome she desired from
USCIS, there can be no mistaking that she received from USCIS
what she sought to compel the agency to give her—an adjudication
of her I-485 Application.")  The court finds that the
plaintiffs' claim regarding the I-485 Application is moot
because it has already been adjudicated.

Moreover, to the extent that plaintiffs are attempting
to challenge the basis for USCIS's decision, this court does not
have jurisdiction to entertain such a claim.  Mr. You applied to
adjust his status under 8 U.S.C. § 1255.  (ECF No. 7, Amended
Complaint § 2.1.)  Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), "no
court shall have jurisdiction to review . . . any judgment
regarding the granting of relief under section . . . 1255[.]"
The REAL ID Act of 2005, codified at 8 U.S.C. § 1252(a)(2)(D)
creates an exception however: "Nothing in [§ 1252(a)(2)(B)] . .
. shall be construed as precluding review of constitutional
claims or questions of law raised upon a petition for review
filed with an appropriate court of appeals . . . ."  This
statutory exception is limited by its express terms to courts of
appeals.  *See also Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir.
2013) ("Thus, while *this court* would have jurisdiction to review
any constitutional claims or questions of law properly raised in

a petition for review, the *district court* did not have jurisdiction to review [plaintiff's] challenge [under § 1252(a)(2)(D)]." (emphasis in original)).

The Second Circuit has held, however, that the jurisdiction stripping provision in 8 U.S.C. § 1252(a)(2)(B) does not prevent courts from "review[ing] nondiscretionary decisions regarding an alien's *eligibility* for the relief specified in 8 U.S.C. § 1252(a)(2)(B)(i)." *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005) (emphasis added). Plaintiffs take the position that USCIS has not adjudicated the I-485 Application because it "conflated eligibility and discretion" and treated factors that have sometimes been considered positive factors as adverse factors. (*See* ECF No. 13, Pls. June 26, 2018 Letter.) Mr. You's eligibility is not an issue in this case, because USCIS clearly made a finding on eligibility. (ECF No. 6-1, USCIS I-485 Decision at 1 ("In your case, USCIS has determined that you are eligible for adjustment of status.").) USCIS's eligibility determination leaves at issue only plaintiffs' argument regarding USCIS's consideration of Mr. You's discretionary factors. But courts "lack jurisdiction to review any claim that [USCIS] erred in weighing the factors relevant to the grant or denial of adjustment of status[.]" *Guyadin v. Gonzales*, 449 F.3d 465, 469 (2d Cir. 2006). *See also Sandhu v. United States*, 916 F. Supp. 2d 329,

333 (E.D.N.Y. 2013) ("[C]ourts lack jurisdiction to review USCIS's 'factfinding, factor-balancing, and exercise of discretion' under § 1252(a)(2)(B)[.]" (quoting *Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010)).  Accordingly, the court finds that it has no subject matter jurisdiction regarding any claim that the I-485 Application was not properly adjudicated.[1]

## II.   Stay of Mr. You's Removal Order

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).  Plaintiffs' requests for a stay of Mr. You's removal and release from custody have already been granted in the separate action Mr. You brought in the Southern District of New York. *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 469 (S.D.N.Y. 2018) ("[T]he Court concluded on June 20, 2018, that a stay of removal and release from custody . . . were warranted[.]"); *see also* ECF No. 9-1, Order of Release dated June 20, 2018.  The relief Mr. You seeks in this action is no longer needed because

---

[1] The Amended Complaint, which was filed without leave from the court, also requests the court's intervention regarding a motion to reopen.  (ECF No. 7 ¶¶ 7.7, 8.1.)  Mr. You's circumstances have changed since the filing of the amended complaint, and plaintiffs' failure to respond to the defendants' motion leaves the court without additional information regarding this portion of plaintiffs' claims.  The Amended Complaint, however, characterizes the motion to reopen as a substantive challenge to USCIS's handling of the I-485 Application.  (*See* ECF No. 7 ¶ 5.17-5.18).  Accordingly, this claim is outside the court's subject matter jurisdiction as well.  *See Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015) ("[Section 1252] strips jurisdiction over a substantive discretionary decision . . . .").

it has been granted by or in another proceeding in the Southern District of New York.[2]  The court, therefore, finds the plaintiffs' claim seeking a stay of the order of removal and release is moot.

### CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss.  The Clerk of Court is respectfully directed to enter judgment in favor of the defendants and close the case.

**SO ORDERED.**


Dated:      March 6, 2019
            Brooklyn, New York



                                      /s/
                          _____
                          **HON. KIYO A. MATSUMOTO**
                          United States District Judge
                          Eastern District of New York

---

[2] Mr. You sought a stay of removal and release in this case "pending the adjudication of his motion to reopen and . . . [his] exhaust[ion of] all administrative motions and judicial remedies regarding [his] Application for adjustment of status[.]"  (ECF No. 7, Amended Compl. at 8.)  Mr. You was granted "a stay of removal and release from custody pending the resolution of his habeas petition" in his case in the Southern District of New York.  *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 456 (S.D.N.Y. 2018).  The court considers the relief sought in these actions to be substantially the same and does not address any potential differences because Mr. You remains released from custody and his order of removal is still stayed.  *See You v. Nielsen et al*, No. 1:18-cv-5392 (GBD) (S.D.N.Y.).